FILED
SEP 8 1999 PROB
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ________

KATHRYN E. LANDRETH
United States Attorney
DANIEL R. SCHIESS
Assistant United States Attorney
701 E. Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF<br><br>VS.<br><br>DANIEL SEBASTIAN BALKUN,<br>ALBERT JOSEPH BRANGO, JR.,<br>CURTIS A. BRANSON,<br>RICHARD WILLIAM BURDICK,<br>JAMES FRANCIS CAMPANALE,<br>ROBERT VINCENT CAPUCCI,<br>LISA MARY DEVROEDE,<br>ANTHONY DIBELLONIA,<br>RONALD DAVID FORESTA,<br>JOSEPH FRANK GALASSO, III<br>DAVID FRANKLIN INSEL,<br>WILLIAM THOMAS KIRINSKY, and<br>DREW ROGER LANG,<br><br>DEFENDANTS | CRIMINAL INDICTMENT<br><br>CR-S-99-357<br><br>**VIOLATIONS:** 18 U.S.C. § 371 - Conspiracy; 18 U.S.C. § 1343 - Wire Fraud; 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i) - Money Laundering; 18 U.S.C. § 1623 - Perjury<br><br>CR-S-99-0357-JBR-LRL |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
(Conspiracy)

1. Beginning on a date unknown to the grand jury but no later than on or about August 23, 1996, to on or about August 14, 1997, in the State and Federal District of Nevada, and elsewhere,

**DANIEL SEBASTIAN BALKUN,**
**ALBERT JOSEPH BRANGO, JR.,**
**CURTIS A. BRANSON,**
**RICHARD WILLIAM BURDICK,**
**JAMES FRANCIS CAMPANALE,**
**ROBERT VINCENT CAPUCCI,**
**LISA MARY DEVROEDE,**
**ANTHONY DIBELLONIA,**
**RONALD DAVID FORESTA,,**
**JOSEPH FRAN GALASSO, III,**
**DAVID FRANKLIN INSEL,**
**WILLIAM THOMAS KIRINSKY, AND**
**DREW ROGER LANG,**

defendants herein, conspired and agreed with each other and others known and unknown to the grand jury to commit the following offenses against the United States:

a. wire fraud, in violation of Title 18, United States Code, Section 1343; and

b. money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

**OBJECTIVE OF THE CONSPIRACY**

2. The objective of the conspiracy was for the defendants and others known and unknown to the grand jury to defraud people throughout the United States through a scheme and artifice involving horse race betting. In essence, the defendants enticed people to place bets on horse races which, known to the defendants but unknown to the people, had already been run, then persuaded the people through false and fraudulent pretenses, representations, and promises to send them money for various reasons related to the horse race bets placed by the people.

**MANNER AND MEANS**

3. The defendants accomplished the objective of the conspiracy in the following manner and by the following means.

4. On a date unknown to the grand jury, defendants Capucci and Kirinsky established and operated a sports information business known by various names, including not limited to B&B Marketing, Banna Marketing, Combined Venture Systems, The Clover Company, Midwest Marketing, and TNT Sports. This business sold information about sporting events, such as football, baseball, and basketball games, to people who were interested in placing bets on those games. The people who obtained sports information from this business placed bets with their own bookies or sports betting services. The sports information business established and operated by defendants Capucci and Kirinsky did not accept bets for such sporting events.

5. Defendants Capucci and Kirinsky hired and caused to be hired people to solicit potential clients over the telephone and to service those people once they became clients. Defendants Capucci and Kirinsky provided the solicitors with names and telephone numbers of clients and prospective clients. In some cases, the solicitors brought the names of prospective clients with them when they began working for defendants Capucci and Kirinsky. At times, defendants Capucci and Kirinsky personally solicited clients over the telephone. Defendants Capucci and Kirinsky caused the clients who used the services of their sports information business to pay for the services.

6. Thereafter, defendants Capucci and Kirinsky and the other defendants named in this indictment (collectively referred to as "the defendants" unless otherwise specified) and others known and unknown to the grand jury enticed clients and prospective clients to place bets on horse races. Essentially, the defendants represented to the clients that they had information on horse races that would allow the clients to successfully bet on such races. The defendants told the clients that they needed to place their bets with their own bookies because the

defendants only sold the information and did not accept bets.

7. However, the defendants provided the clients with the names and telephone numbers of betting services ("bookies") which the defendants falsely and fraudulently represented to the clients were located outside of the United States and would or may accept bets on certain horse races. In reality, as the defendants then and there well knew, all but one of the bookies were located outside of the United States, and they did not take bets on the horse races on which the defendants enticed the clients to place their bets. The one purported bookie service that was located in the United States was a bogus bookie service that the defendants had created as part of the scheme. This bogus bookie service was located in the offices of the defendants' sports information business in Las Vegas, Nevada. As part of the scheme, the defendants provided the clients with toll-free 800 telephone numbers to that bookie service and falsely and fraudulently led the clients to believe that the telephones rang at the off-shore betting service when in reality, as the defendants then and there well knew, the telephones rang in the Las Vegas offices. This bogus bookie service was known by various names, including but not limited to Blue Seas Sports, Galaxy Sports Network, Tropical Sports, and White Sands Sports.

8. The defendants answered and caused to be answered the telephones in the bogus bookie service in Las Vegas, Nevada, in such a manner as to lead the clients to believe that they had called a booking service outside of the United States (hereinafter "an off-shore booking service"). Thereafter, the defendants required each client to set up a purported account with the bookie service in order to facilitate the client's betting activities. In reality, the defendants never set up any such account for the clients but caused the clients to believe that such accounts had been set up for them. The defendants then caused the clients to place money with Western Union to be picked up by the bookie service in order to fund the account.

9. Defendants Capucci and Kirinsky then caused some of the defendants and others to go to the sports books in casinos in Las Vegas, Nevada, in order to provide the other defendants with the results of certain horse races. As soon as certain horse races were ran, the defendants in the sports books called the other defendants with results of the races. The defendants then called the clients and enticed them to place bets on the horse races that had just been run, all the while leading the clients to believe that the races were about to be run. Later in the scheme, defendants Capucci and Kirinsky had a satellite dish installed in their offices so that the defendants could obtain the results of horse races without having to go to sports books.

10. Some of the defendants then acted as the bookies who took the bets from the clients. These defendants continued to lead the clients to believe that they were calling an off-shore betting service, that the betting service was legitimate, and that the race was about to be run. The defendants allowed the clients to use the money in their accounts to fund their bets. Thereafter, in most cases, the defendants caused the clients to believe that they had won their bets. The clients, however, were told that they could not remove the money from their accounts for a certain period of time.

11. The defendants then caused the clients to pay them for the information that purportedly allowed to clients to win the bets. In many instances, the clients sent their money by Western Union wire transfer to fictitious people as directed by the defendants.

12. As part of the scheme, defendants Capucci and Kirinsky recruited and caused to be recruited a Western Union agent to assist them with the scheme. This Western Union agent, Stephen Drucker, removed the clients' money from his Western Union terminal in Las Vegas, Nevada. Drucker gave the money to

defendants Capucci and Kirinsky who used the money to pay the defendants, Drucker, and others.

13. Thereafter, the defendants enticed the clients to place additional bets on horse races. The defendants who acted as bookies continued to allow the defendants to use the purported credit in their accounts to fund the bets. Additionally, the defendants continued to require the clients to pay for the information they received about the horse races.

14. After the clients continued to request payment from their accounts, the defendants falsely and fraudulently represented to the clients that they had to pay certain taxes and expenses in order to receive their money. Among other things, the defendants told the clients that they needed to send money for taxes on the money and for fuel for the airplane and the security company that would deliver the money to the client. In some instances, the defendants told the clients that the money had been taken in a robbery. In other instances, the defendants pretended to be mob-connected in order to intimidate the clients into paying the money. The defendants thus caused the clients to place additional money on the Western Union wire service which was removed by coconspirator Drucker and others.

**OVERT ACTS**

15. In furtherance of the conspiracy, the defendants committed the following overt acts, among others:

16. On various dates during the conspiracy, defendants Capucci and Kirinsky caused toll-free telephone service to be connected to the offices used in the conspiracy.

17. On various dates during the conspiracy, defendants Capucci and Kirinsky hired and caused to be hired the following people to work at their sports information business: defendants Daniel Sebastian Balkun, Albert Joseph Brango, Jr.,

Curtis A. Branson, Richard William Burdick, James Francis Campanale, Lisa Mary Devroede, Anthony Dibellonia, Ronald David Foresta, Joseph Frank Galasso, III, David Franklin Insel, and Drew Roger Lang, and other unindicted coconspirators, such as Paul Lancia.

18. The defendants made and caused to be made the telephone calls referred to in counts two through seventy-three of this indictment which telephone calls are incorporated herein as separate overt acts.

19. The defendants made and caused to be made the wire transfers referred to in counts seventy-four through one-hundred thirty-four of this indictment which wire transfers are incorporated herein as separate overt acts, all in violation of Title 18, United States Code, Section 371.

**COUNTS TWO THROUGH SEVENTY-THREE**
(Wire Fraud)

1. Beginning from a date unknown to the grand jury but no later than on or about August 23, 1996, to on or about August 14,1997, the in the State and Federal District of Nevada and elsewhere,

**DANIEL SEBASTIAN BALKUN,**
**ALBERT JOSEPH BRANGO, JR.,**
**CURTIS A. BRANSON,**
**RICHARD WILLIAM BURDICK,**
**JAMES FRANCIS CAMPANALE,**
**ROBERT VINCENT CAPUCCI,**
**LISA MARY DEVROEDE,**
**ANTHONY DIBELLONIA,**
**RONALD DAVID FORESTA,,**
**JOSEPH FRANK GALASSO, III,**
**DAVID FRANKLIN INSEL,**
**WILLIAM THOMAS KIRINSKY, AND**
**DREW ROGER LANG,**

defendants herein, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses,

representations, and promises.

2. The nature of the scheme and artifice and the false and fraudulent pretenses, representations, and promises are set forth in the allegations contained in paragraphs four through fourteen of count one of this indictment and are incorporated herein as if set forth in full.

3. On or about the dates set forth below, for each count listed below defendants Robert Vincent Capucci and William Thomas Kirinsky and the other defendant and defendants named in each count, for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, that is, telephone calls between the defendants in Las Vegas, Nevada, and the clients in the cities named below, with each telephone call constituting a separate violation of Title 18, United States Code, Sections 1343 and 2.

| Count | Date | Defendants | Client |
|---|---|---|---|
| 2 | 3/17/97 | Daniel Sebastian Balkun | Louis Aguilar<br>Pueblo, Colorado |
| 3 | 4/22/97 | Ronald David Foresta | Gary Becker<br>Gillette, Wyoming |
| 4 | 7/14/97 | Richard William Burdick | James Brockman<br>Sante Fe,<br>New Mexico |
| 5 | 8/4/97 | Drew Roger Lang | Robert Bryant<br>Phoenix, Arizona |
| 6 | 8/8/97 | Ronald David Foresta | Robert Bryant<br>Phoenix, Arizona |
| 7 | 8/9/97 | Ronald David Foresta | Robert Bryant<br>Phoenix, Arizona |

| | | | |
|---|---|---|---|
| 8 | 8/12/97 | Joseph Frank Galasso, III | Robert Bryant<br>Phoenix, Arizona |
| 9 | 5/29/97 | Drew Roger Lang | Donald Clark<br>Statesville, North Carolina |
| 10 | 6/4/97 | Ronald David Foresta<br>Drew Roger Lang | Donald Clark<br>Statesville, North Carolina |
| 11 | 1/31/97 | Curtis A. Branson | Carol Davis<br>Radford, Virginia |
| 12 | 2/4/97 | Ronald David Foresta | Carol Davis<br>Radford, Virginia |
| 13 | 2/10/97 | Curtis A. Branson | Carol Davis<br>Radford, Virginia |
| 14 | 2/18/97 | Curtis A. Branson<br>Daniel Sebastian Balkun | Carol Davis<br>Radford, Virginia |
| 15 | 4/29/97 | Daniel Sebastian Balkun | Stephen Duffy<br>Brighton, Michigan |
| 16 | 8/6/97 | Lisa Mary Devroede | Ken Dunford<br>Bullhead City, Arizona |
| 17 | 8/7/97 | Lisa Mary Devroede | Ken Dunford<br>Bullhead City, Arizona |
| 18 | 7/16/97 | Anthony Dibellonia | Carl Falcone<br>Valley, Nebraska |
| 19 | 7/16/97 | Anthony Dibellonia | Carl Falcone<br>Valley, Nebraska |
| 20 | 4/2/97 | Daniel Sebastian Balkun | Rhett Ferrari<br>Fairfax, Virginia |

| | | | |
|---|---|---|---|
| 21 | 6/11/97 | Joseph Frank Galasso, III | Andrew Genitti<br>Northville, Michigan |
| 22 | 6/11/97 | Anthony Dibellonia<br>Joseph Frank Galasso, III | Andrew Genitti<br>Northville, Michigan |
| 23 | 5/7/97 | Drew Roger Lang | Steve Grimm<br>Milwaukee,<br>Wisconsin |
| 24 | 5/14/97 | Albert Joseph Brango, Jr.<br>Joseph Frank Galasso, III | Steve Grimm<br>Milwaukee,<br>Wisconsin |
| 25 | 8/7/97 | James Francis Campanale<br>Anthony Dibellonia | Jimmy Hazemy<br>Welch, West<br>Virginia |
| 26 | 4/25/97 | Drew Roger Lang | Humphry Intveld<br>Fountain Valley,<br>California |
| 27 | 3/19/97 | Daniel Sebastian Balkun | Winfield Jordan<br>Lucerne, Maine |
| 28 | 3/26/97 | Anthony Dibellonia | Winfield Jordan<br>Lucerne, Maine |
| 29 | 3/97 | Joseph Frank Galasso, III | Winfield Jordan<br>Lucerne, Maine |
| 30 | 4/24/97 | Daniel Sebastian Balkun<br>Joseph Frank Galasso, III | Winfield Jordan<br>Lucerne, Maine |
| 31 | 5/7/97 | Daniel Sebastian Balkun | Kurt Kempen<br>Combined Locks,<br>Wisconsin |
| 32 | 5/8/97 | Anthony Dibellonia | Kurt Kempen<br>Combined Locks,<br>Wisconsin |
| 33 | 2/19/97 | Albert Joseph Brango, Jr. | Gus Konstantopoulos<br>Brooklyn, New York |
| 34 | 3/18/97 | Daniel Sebastian Balkun | Gus Konstantopoulos<br>Brooklyn, New York |

| | | | |
|---|---|---|---|
| 35 | 8/97 | Anthony Dibellonia | Gary Lahart<br>Albia, Iowa |
| 36 | 8/97 | Drew Roger Lang | Gary Lahart<br>Albia, Iowa |
| 37 | 9/23/96 | [No additional defendants] | Marian Luber<br>O'Neill, Nebraska |
| 38 | 1/15/97 | [No additional defendants] | Marian Luber<br>O'Neill, Nebraska |
| 39 | 1/97 | Ronald David Foresta | Marian Luber<br>O'Neill, Nebraska |
| 40 | 2/12/97 | Albert Joseph Brango, Jr.<br>Richard William Burdick | David Lund<br>Freeport, Illinois |
| 41 | 2/21/97 | Albert Joseph Brango, Jr. | David Lund<br>Freeport, Illinois |
| 42 | 2/21/97 | Richard William Burdick | David Lund<br>Freeport, Illinois |
| 43 | 2/21/97 | Joseph Frank Galasso, III | David Lund<br>Freeport, Illinois |
| 44 | 2/4/97 | Joseph Frank Galasso, III | Arthur Lusardi<br>Lake Hopatcong,<br>New Jersey |
| 45 | 5/19/97 | Albert Joseph Brango, Jr. | Ryan McPeek<br>Pearl City, Illinois |
| 46 | 5/22/97 | Ronald David Foresta | Ryan McPeek<br>Pearl City, Illinois |
| 47 | 5/27/97 | Joseph Frank Galasso, III | Martin Newell<br>Houston, Texas |

| | | | |
|---|---|---|---|
| 48 | 5/30/97 | Ronald David Foresta<br>Joseph Frank Galasso, III | Martin Newell<br>Houston, Texas |
| 49 | 6/97 | Daniel Sebastian Balkun<br>Joseph Frank Galasso, III | Martin Newell<br>Houston, Texas |
| 50 | 6/13/97 | Anthony Dibellonia<br>Joseph Frank Galasso, III | Roy Norton<br>Kittanning, Pennsylvania |
| 51 | 7/97 | Joseph Frank Galasso, III | Roy Norton<br>Kittanning, Pennsylvania |
| 52 | 7/24/97 | Albert Joseph Brango, Jr.<br>Joseph Frank Galasso, III | Roy Norton<br>Kittanning, Pennsylvania |
| 53 | 2/21/97 | Joseph Frank Galasso, III | Don Petrine<br>Miami, Florida |
| 54 | 7/2/97 | Joseph Frank Galasso, III<br>Drew Roger Lang | Gordon Pomerleau<br>Louisville, Kentucky |
| 55 | 7/97 | Albert Joseph Brango, Jr. | Gordon Pomerleau<br>Louisville, Kentucky |
| 56 | 4/2/97 | Daniel Sebastian Balkun | Salvatore Renzo<br>Yonkers, New York |
| 57 | 4/4/97 | Albert Joseph Brango, Jr. | Salvatore Renzo<br>Yonkers, New York |
| 58 | 5/22/97 | David Franklin Insel | Bradley Scott<br>Melvindale, Michigan |
| 59 | 5/26/97 | David Franklin Insel | Bradley Scott<br>Melvindale, Michigan |
| 60 | 5/27/97 | Ronald David Foresta | Bradley Scott<br>Melvindale, Michigan |

| | | | |
|---|---|---|---|
| 61 | 4/23/97 | Daniel Sebastian Balkun | James Shepherd<br>Trussville, Alabama |
| 62 | 4/23/97 | David Franklin Insel | James Shepherd<br>Trussville, Alabama |
| 63 | 2/27/97 | Anthony Dibellonia<br>David Franklin Insel | Marty Smock<br>Sterling, Colorado |
| 64 | 7/18/97 | [No additional defendant] | Marty Smock<br>Sterling, Colorado |
| 65 | 8/11/97 | Joseph Frank Galasso, III | Marty Smock<br>Sterling, Colorado |
| 66 | 1/30/97 | Anthony Dibellonia | Victor Troese<br>Clarion,<br>Pennsylvania |
| 67 | 3/31/97 | Albert Joseph Brango, Jr. | Matthew Turney<br>Heber Springs,<br>Arkansas |
| 68 | 3/31/97 | Daniel Sebastian Balkun | Matthew Turney<br>Heber Springs,<br>Arkansas |
| 69 | 4/23/97 | Daniel Sebastian Balkun | Richard White<br>Savannah, Georgia |
| 70 | 8/4/97 | Lisa Mary Devroede | Jung Woo<br>Los Angeles,<br>California |
| 71 | 4/21/97 | Daniel Sebastian Balkun | Eugene Wright<br>Savannah, Georgia |
| 72 | 6/4/97 | Richard William Burdick | Floyd Wright<br>Dallas, Texas |
| 73 | 6/24/97 | Joseph Frank Galasso, III | Floyd Wright<br>Dallas, Texas |

**COUNTS SEVENTY FOUR THROUGH ONE HUNDRED THIRTY-FOUR**
(Money Laundering)

1. The factual allegations contained in paragraphs four through fourteen of count one of this indictment are incorporated herein as if set forth in full.

2. On or about the dates set forth below, in the State and Federal District of Nevada and elsewhere,

**DANIEL SEBASTIAN BALKUN,**
**ALBERT JOSEPH BRANGO, JR.,**
**CURTIS A. BRANSON,**
**RICHARD WILLIAM BURDICK,**
**JAMES FRANCIS CAMPANALE,**
**ROBERT VINCENT CAPUCCI,**
**LISA MARY DEVROEDE,**
**ANTHONY DIBELLONIA,**
**RONALD DAVID FORESTA,,**
**JOSEPH FRANK GALASSO, III,**
**DAVID FRANKLIN INSEL,**
**WILLIAM THOMAS KIRINSKY, AND**
**DREW ROGER LANG,**

defendants herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of the specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, that is, in each count identified below defendant Robert Vincent Capucci and William Thomas Kirinsky and the additional defendant named in each count had the clients identified below wire transfer money to them and to others via Western Union in the names of other people, real and fictitious, and had Stephen Drucker remove the proceeds from the Western Union wire service and give it to the defendants, with removal of proceeds from the

Western Union wire service constituting financial transactions and separate violations of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) and Section 2 for defendants Robert Vincent Capucci and William Thomas Kirinsky and each additional defendant named in each count below.

| Count | Date | Defendants | Client |
|---|---|---|---|
| 74 | 3/17/97 | Daniel Sebastian Balkun | Louis Aguilar<br>Pueblo, Colorado |
| 75 | 4/22/97 | Ronald David Foresta | Gary Becker<br>Gillette, Wyoming |
| 76 | 7/14/97 | Richard William Burdick | James Brockman<br>Santa Fe,<br>New Mexico |
| 77 | 8/4/97 | Drew Roger Lang | Robert Bryant<br>Phoenix, Arizona |
| 78 | 8/8/97 | Ronald David Foresta | Robert Bryant<br>Phoenix, Arizona |
| 79 | 8/9/97 | Ronald David Foresta | Robert Bryant<br>Phoenix, Arizona |
| 80 | 8/13/97 | Joseph Frank Galasso, III | Robert Bryant<br>Phoenix, Arizona |
| 81 | 5/29/97 | Drew Roger Lang | Donald Clark<br>Statesville, North<br>Carolina |
| 82 | 6/5/97 | Ronald David Foresta<br>Drew Roger Lang | Donald Clark<br>Statesville, North<br>Carolina |
| 83 | 1/31/97 | Curtis A. Branson | Carol Davis<br>Radford, Virginia |
| 84 | 2/4/97 | Ronald David Foresta | Carol Davis<br>Radford, Virginia |

| | | | |
|---|---|---|---|
| 85 | 2/10/97 | Curtis A. Branson | Carol Davis<br>Radford, Virginia |
| 86 | 2/18/97 | Curtis A. Branson<br>Daniel Sebastian Balkun | Carol Davis<br>Radford, Virginia |
| 87 | 5/8/97 | Daniel Sebastian Balkun | Stephen Duffy<br>Brighton, Michigan |
| 88 | 8/6/97 | Lisa Mary Devroede | Ken Dunford<br>Bullhead City, Arizona |
| 89 | 8/7/97 | Lisa Mary Devroede | Ken Dunford<br>Bullhead City, Arizona |
| 90 | 7/16/97 | Anthony Dibellonia | Carl Falcone<br>Valley, Nebraska |
| 91 | 7/16/97 | Anthony Dibellonia | Carl Falcone<br>Valley, Nebraska |
| 92 | 4/7/97 | Daniel Sebastian Balkun | Rhett Ferrari<br>Fairfax, Virginia |
| 93 | 6/11/97 | Joseph Frank Galasso, III | Andrew Genitti<br>Northville, Michigan |
| 94 | 6/11/97 | Anthony Dibellonia<br>Joseph Frank Galasso, III | Andrew Genitti<br>Northville, Michigan |
| 95 | 5/7/97 | Drew Roger Lang | Steve Grimm<br>Milwaukee, Wisconsin |
| 96 | 5/14/97 | Albert Joseph Brango, Jr.<br>Joseph Frank Galasso, III | Steve Grimm<br>Milwaukee, Wisconsin |
| 97 | 8/8/97 | James Francis Campanale<br>Anthony Dibellonia | Jimmy Hazemy<br>Welch, West Virginia |

| | | | |
|---|---|---|---|
| 98 | 4/25/97 | Drew Roger Lang | Humphry Intveld<br>Fountain Valley,<br>California |
| 99 | 3/31/97 | Daniel Sebastian Balkun | Winfield Jordan<br>Lucerne, Maine |
| 100 | 3/26/97 | Anthony Dibellonia | Winfield Jordan<br>Lucerne, Maine |
| 101 | 4/24/97 | Daniel Sebastian Balkun<br>Joseph Frank Galasso, III | Winfield Jordan<br>Lucerne, Maine |
| 102 | 5/9/97 | Daniel Sebastian Balkun | Kurt Kempen<br>Combined Locks,<br>Wisconsin |
| 103 | 5/8/97 | Anthony Dibellonia | Kurt Kempen<br>Combined Locks,<br>Wisconsin |
| 104 | 3/3/97 | Albert Joseph Brango, Jr. | Gus Konstantopoulos<br>Brooklyn, New York |
| 105 | 3/18/97 | Daniel Sebastian Balkun | Gus Konstantopoulos<br>Brooklyn, New York |
| 106 | 9/23/96 | [No additional defendants] | Marian Luber<br>O'Neill, Nebraska |
| 107 | 1/16/97 | [No additional defendants] | Marian Luber<br>O'Neill, Nebraska |
| 108 | 2/12/97 | Albert Joseph Brango, Jr.<br>Richard William Burdick | David Lund<br>Freeport, Illinois |
| 109 | 2/4/97 | Joseph Frank Galasso, III | Arthur Lusardi<br>Lake Hopatcong,<br>New Jersey |
| 110 | 5/19/97 | Albert Joseph Brango, Jr. | Ryan McPeek<br>Pearl City, Illinois |

| | | | |
|---|---|---|---|
| 111 | 5/22/97 | Ronald David Foresta | Ryan McPeek<br>Pearl City, Illinois |
| 112 | 5/27/97 | Joseph Frank Galasso, III | Martin Newell<br>Houston, Texas |
| 113 | 5/30/97 | Ronald David Foresta<br>Joseph Frank Galasso, III | Martin Newell<br>Houston, Texas |
| 114 | 6/13/97 | Anthony Dibellonia<br>Joseph Frank Galasso, III | Roy Norton<br>Kittanning, Pennsylvania |
| 115 | 7/24/97 | Albert Joseph Brango, Jr.<br>Joseph Frank Galasso, III | Roy Norton<br>Kittanning, Pennsylvania |
| 116 | 2/21/97 | Joseph Frank Galasso, III | Don Petrine<br>Miami, Florida |
| 117 | 7/2/97 | Joseph Frank Galasso, III<br>Drew Roger Lang | Gordon Pomerleau<br>Louisville, Kentucky |
| 118 | 4/9/97 | Daniel Sebastian Balkun | Salvatore Renzo<br>Yonkers, New York |
| 119 | 4/4/97 | Albert Joseph Brango, Jr. | Salvatore Renzo<br>Yonkers, New York |
| 120 | 5/23/97 | David Franklin Insel | Bradley Scott<br>Melvindale, Michigan |
| 121 | 5/27/97 | David Franklin Insel | Bradley Scott<br>Melvindale, Michigan |
| 122 | 5/27/97 | Ronald David Foresta | Bradley Scott<br>Melvindale, Michigan |
| 123 | 4/28/97 | Daniel Sebastian Balkun | James Shepherd<br>Trussville, Alabama |

| | | | |
|---|---|---|---|
| 124 | 4/23/97 | David Franklin Insel | James Shepherd<br>Trussville, Alabama |
| 125 | 2/27/97 | Anthony Dibellonia<br>David Franklin Insel | Marty Smock<br>Sterling, Colorado |
| 126 | 8/12/97 | Joseph Frank Galasso, III | Marty Smock<br>Sterling, Colorado |
| 127 | 1/30/97 | Anthony Dibellonia | Victor Troese<br>Clarion,<br>Pennsylvania |
| 128 | 3/31/97 | Albert Joseph Brango, Jr. | Matthew Turney<br>Heber Springs,<br>Arkansas |
| 129 | 4/10/97 | Daniel Sebastian Balkun | Matthew Turney<br>Heber Springs,<br>Arkansas |
| 130 | 4/28/97 | Daniel Sebastian Balkun | Richard White<br>Savannah, Georgia |
| 131 | 8/5/97 | Lisa Mary Devroede | Jung Woo<br>Los Angeles,<br>California |
| 132 | 4/28/97 | Daniel Sebastian Balkun | Eugene Wright<br>Savannah, Georgia |
| 133 | 6/4/97 | Richard William Burdick | Floyd Wright<br>Dallas, Texas |
| 134 | 6/24/97 | Joseph Frank Galasso, III | Floyd Wright<br>Dallas, Texas |

. . .

. . .

. . .

## COUNT ONE-HUNDRED -THIRTY-FIVE
(Perjury)

1. On or about January 27, 1999, in the State and Federal District of Nevada,

**RICHARD WILLIAM BURDICK,**

defendant herein, while under oath and testifying in a proceeding before a grand jury of the United States in the District of Nevada, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 1343 (Wire Fraud) and 1956 (Money Laundering) had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to the said investigation that the grand jury ascertain if **RICHARD WILLIAM BURDICK** had any information about a scam involving false and fraudulent horse race betting that had been conducted in a place where he had worked.

3. At the time and place alleged, **RICHARD WILLIAM BURDICK,** appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter alleged in this count of the indictment:

Q. Let's suppose that a customer is told "here's the telephone number for a bookie in Antigua."

A. Yes.

Q. "Call this telephone number and you can speak with a bookie in Antigua."

A. Okay.

Q. When in reality the telephone number isn't for a place in Antigua, but is for a place in Las Vegas?

A. That could happen, I suppose.

Q. Do you know whether that happened while you were working at B and B Sports?

A. Oh, no. (Page 11)

* * * *

Q. I asked you a minute ago if you ever did that. If you ever knowingly lied to people to tell them that, "Hey, call this bookie in Antigua," when in reality there was no bookie in Antigua, but there was a bookie in Las Vegas?

A. The answer to that is no.

Q. Did anybody that you know of while you were working there do that?

A. No. (Page 13)

4. The aforesaid underscored testimony of **RICHARD WILLIAM BURDICK**, as he then and there will knew and believed, was false in that he knew about and participated in a scam involving false and fraudulent horse race betting that occurred at a place of business while he worked there and he then and there well knew that people who worked there were misleading others to believe that telephone numbers they were receiving for purported off-shore bookie services were in reality ringing in as Vegas, Nevada, all in violation of Title 18, United States Code, Section 1623.

. . .

. . .

**COUNT ONE HUNDRED THIRTY-SIX**
(Perjury)

1. On or about October 21, 1998, in the State and Federal District of Nevada,

**DAVID FRANKLIN INSEL,**

defendant herein, while under oath and testifying in a proceeding before a grand jury of the United States in the District of Nevada, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 1343 (Wire Fraud) and 1956 (Money Laundering) had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to the said investigation that the grand jury ascertain if **DAVID FRANKLIN INSEL** had any information about a scam involving false and fraudulent horse race betting that had been conducted in a place where he had worked.

3. At the time and place alleged, **DAVID FRANKLIN INSEL,** appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter alleged in this court of the indictment:

Q. Do you know whether any of these numbers that were being provided to purportedly offshore books in Antigua were really numbers that were ringing in Las Vegas?

A. <u>No, I didn't know that at the time</u>. (page 23)

* * * *

. . .

Q. Did you participate in any scam of any client regarding horses at any time? Have you ever done that?

A. No, not that I am aware of. (page 37)

* * * *

Q. Did you participate in any dishonest, deceiving, misrepresentation-type activity with anybody while your were working at TNT Sports?

A. No. (page 37)

* * * *

Q. Did you ever give Dallas Stephens any information on the horse racing?

A. Yes.

Q. Did you give him information about offshore betting services?

A. Yeah.

Q. Did any of those betting services give information they were purportedly located in Antigua?

A. Yes.

Q. . . . did you give him numbers for those Antigua services?

A. Yes, I did.

Q. Do you know whether any of those numbers were ringing in Las Vegas?

A. No. (page 44)

* * * *

Q. Do you know whether any of the information that you gave Mr. Dallas Stephens was involved in and related to the scam –

A. No.

Q. – and was part of the scam?

A. No. . . . (page 45)

* * * *

Q. [W]as Bradley Scott one of your clients?

A. Yes, he was.

Q. Did you give Bradley Scott any information about offshore betting services in Antigua ?

A. Yes.

Q. Did you give him phone numbers for those services?

A. Yes.

Q. Do you know whether any of those phone numbers rang in Las Vegas or Nevada?

A. No. (page 46)

4. The aforesaid underscored testimony of **DAVID FRANKLIN INSEL**, as he then and there will knew and believed, was false in that he knew about and participated in a scam involving false and fraudulent horse race betting that occurred at a place of business while he worked there and that he knowingly provided telephone numbers to Dallas Stephens and Bradley Scott which numbers he represented to them rang in Antigua but which he knew rang in Las Vegas, Nevada, all in violation of Title 18, United States Code, Section 1623.

**DATED:** this 8 day of September 1999.

**A TRUE BILL:**

Nancy P. Williams
FOREPERSON OF THE GRAND JURY

KATHRYN E. LANDRETH
United States Attorney

DANIEL R. SCHIESS
Assistant United States Attorney

## INDEX

| | |
|---|---|
| DANIEL SEBASTIAN BALKUN | 1, 2, 14, 15, 20, 27, 30, 31, 34, 49, 56, 61, 68, 69, 71, 74, 86, 87, 92, 99, 101, 102, 105, 118, 123, 129, 130, 132 |
| ALBERT JOSEPH BRANGO, JR. | 1, 24, 33, 40, 41, 45, 52, 55, 57, 67, 96, 104, 108, 110, 115, 119, 128 |
| CURTIS A. BRANSON | 1, 11, 13, 14, 83, 85, 86 |
| RICHARD WILLIAM BURDICK | 1, 4, 40, 42, 72, 76, 108, 133, 135 |
| JAMES FRANCIS CAMPANALE | 1, 25, 97 |
| ROBERT VINCENT CAPUCCI | 1-134 |
| LISA MARY DEVROEDE | 1, 16, 17, 70, 88, 89, 131 |
| ANTHONY DIBELLONIA | 1, 18, 19, 22, 25, 28, 32, 35, 50, 63, 66, 90, 91, 94, 97, 100, 103, 114, 125, 127 |
| RONALD DAVID FORESTA | 1, 3, 6, 7, 10, 12, 39, 46, 48, 60, 75, 78, 79, 82, 84, 111, 113, 122 |
| JOSEPH FRANK GALASSO, III | 1, 8, 21, 22, 24, 29, 30, 43, 44, 47-- 54, 65, 73, 80, 93, 94, 96, 101, 109, 112 -- 117, 126, 134 |
| DAVID FRANKLIN INSEL | 1, 58, 59, 62, 63, 120, 121, 124, 125 136 |
| WILLIAM THOMAS KIRINSKY | 1–134 |
| DREW ROGER LANG | 1, 5, 9, 10, 23, 26, 36, 54, 77, 81, 82, 95, 98, 117 |

I hereby attest and certify on 23 APR 07 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By Molly Morrison Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA